(No. 22070.—

THE PEOPLE *ex rel.* Jay B. Morse, County Collector, Defendant in Error, *vs.* THE GRAND LODGE OF THE INDEPENDENT ORDER OF VIKINGS, Plaintiff in Error.

*Opinion filed December 22, 1933.*

JOHN A. LINDEN, and LOUIS C. HORNER, for plaintiff in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is a writ of error to the county court of Lake county to review a judgment of that court sustaining in part and overruling in part certain objections of plaintiff in error to taxes on real and personal property in Lake county.

The plaintiff in error is an Illinois fraternal benefit society and pursuant to its charter maintains and operates a home for sick, disabled, distressed and destitute members of its organization, under the designation of Vikings' Valhalla, upon a tract of approximately forty-four and one-half acres of land in Lake county. This property is improved with a large two-story brick building, one residential frame building, one frame building known as the Pavilion restaurant, one five-room bungalow and certain farm buildings, including barns, chicken houses, etc. The record shows that some twenty-nine aged and disabled members of the organization are cared for in this home,

and it is undisputed that the whole of it is used for the purpose of maintaining these destitute persons, except only the building known as the Pavilion restaurant, which is located on the property and is used from time to time in the summer by local lodges of the order for picnics, outings, etc. On such occasions it appears that there is some profit derived by the management of the old people's home from the sale of coffee, lunches and light refreshments, but it is also clear that whatever profit there is from this source is used, together with such funds as arise from farming operations, in caring for the inmates of the institution. The organization itself has no capital stock and no person makes any profit from the operation of this tract of land, which is all in one parcel and all used in one way or another for the charity specified.

The record indicates that the final order of the county court was entered in an effort to compromise the matters before the court, reducing the assessed valuation of the land from $12,700 to $9000 and reducing the valuation of the personal property from $350 to $200, to all of which the plaintiff in error objected, contending that the entire property was exempt under the provisions of paragraph 7 of section 2 of chapter 120, (Cahill's Stat. 1933, p. 2303,) which is as follows: "All property of institutions of public charity, all property of beneficent and charitable organizations, whether incorporated in this or in any other State of the United States and all property of old people's homes, when such property is actually and exclusively used for such charitable or beneficent purpose, and not leased or otherwise used with a view to profit," etc.

No brief or argument has been filed on behalf of the defendant in error, and we are thus deprived of any statement as to the theory upon which the county court of Lake county proceeded. This case, on principle, is not to be distinguished from *Grand Lodge* v. *Board of Review*, 281 Ill. 480, and the facts are almost identical. In that case

the Masonic Grand Lodge of Illinois operated a farm of 464 acres in Moultrie county as a home for the care and support of Master Masons, their widows and orphans, unable to earn their own living and dependent upon others for support, without relatives or friends able or willing to support them. The entire tract was managed by a committee for the grand lodge. A farmer was employed by the month to take care of the land, being permitted to occupy the dwelling house thereon, and the land was devoted to general farming, including the raising of milch cows, ordinary cattle, horses, etc. Some forty persons were employed as nurses, farm hands, engineers, laborers, etc., and whatever surplus crops there were, were sold and the proceeds devoted to the charity. It further appeared in that case, as in this one, that the home was partly maintained by assessments upon the members of the organization in the State. In that case this court, speaking through the late Mr. Justice Cartwright, went at considerable length into the authorities of other States, and came to the conclusion, and decided, that the home was a public charity and its property exempt from taxation as such. That rule has never been departed from in this State and we cannot see any reason for doing so now. Other later cases decided in this court to the same effect upon facts in some ways similar are *First Congregational Church* v. *Board of Review,* 254 Ill. 220, *Congregational Publishing Society* v. *Board of Review,* 290 id. 108, and *People* v. *Walters Chapter D. A. R.* 311 id. 304.

Upon the record before us we find that the county court erred in refusing to declare the property in question to be exempt from taxation and in overruling the objections of the plaintiff in error.

The judgment is reversed and the cause remanded to the county court of Lake county, with directions to sustain the objections.

*Reversed and remanded, with directions.*